UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BROADHURST INVESTMENTS, LIMITED;  : Index No. 09-CV-1154 (PKC)
LINDSDELL ENTERPRISES, LIMITED;   :
PRUETT ENTERPRISES, LIMITED; and  :
REARDON ENTERPRISES, LIMITED,     :
                                  :
                Plaintiffs,     :
                                  :
      - against -               :
                                  :
THE BANK OF NEW YORK MELLON,      :
                                  :
                Defendant.      :
------------------------------------------------------------------ x

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S APPLICATION TO FILE DOCUMENTS UNDER SEAL AND ALTERNATIVELY FOR RELIEF FROM STIPULATED CONFIDENTIALITY ORDER DATED AUGUST 11, 2009

BRYAN CAVE LLP
Christine B. Cesare (CC 1967)
Scott H. Kaiser (SK 6218)
1290 Avenue of the Americas
New York, New York
Telephone: (212) 541-2000
Facsimile: (212) 541-4630
cbcesare@bryancave.com
scott.kaiser@bryancave.com

*Attorneys for Defendant The Bank of New York Mellon*

**PRELIMINARY STATEMENT**

The Bank of New York Mellon ("BNY Mellon") has applied to this Court for an application to file documents under seal and alternatively for relief from the Stipulated Confidentiality Order dated August 11, 2009 (the "Application"), in connection with its opposition (the "Opposition") to Plaintiffs' motion seeking leave to amend the case management order and for leave to file their proposed First Amended Class Action Complaint. For the reasons set forth herein and in the Affidavit of Christine B. Cesare in Support of the Application (the "Cesare Affidavit"), BNY Mellon requests permission to file the documents attached as Exhibits A and B to the Cesare Affidavit under seal. BNY Mellon also requests permission to file documents designated by the Plaintiffs as confidential under seal, or in the alternative, relief from the Confidentiality Order to file the documents attached as Exhibits C, D, E, F, and G to the Cesare Affidavit as Exhibits to the Opposition.

**ARGUMENT**

**I. FINANCIAL INFORMATION SHOULD BE FILED UNDER SEAL**

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) sets forth that in deciding an application to file documents under seal, the Court should "balance competing considerations against" the presumption of access to documents, and "consider the privacy interests of those resisting disclosure." (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). In *U.S. v. Amodeo*, 44 F.3d 141, 145-46, the Second Circuit noted that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."

Exhibits A and B to the Cesare Affidavit are documents that BNY Mellon received in its capacity as Depositary for the GDRs of RAO UES from one of its registered holders, Euroclear. Exhibits A and B contain financial information, including bank accounts, of holders of RAO UES

GDRs that elected to receive ordinary shares of TGK-1, one of the twenty-three companies spun-off from RAO UES in the Phase II of the RAO UES reorganization.  While Exhibit A only includes the financial information of Plaintiffs, redacting non-parties' information, Exhibit B includes information of non-parties and Plaintiffs.  Both documents should not be made available to the public.

Courts have recognized that financial information, including bank account information, is appropriate to be filed under seal.  In *Bunkers Int'l v. Orient Oil*, No. 08 Civ. 10905 (PKC), 2008 WL 5431166, at *1 (S.D.N.Y. Dec. 23, 2008) (Castel, J.), this Court held that documents disclosing "bank account numbers and wire transfer information" should be filed under seal because "there is very little need for public access to such information and the potential for harm through bank fraud or identity theft is great." *See also Savarese v. Cirrus Design Corp.*, No. 09 Civ. 1911 (JGK), 2010 WL 815027, at *1 (S.D.N.Y. Mar. 9, 2010).  In *Savarese*, the court applied *Amodeo*, and held that "it is plain that some portions of the documents and proceedings must be filed under seal, including … bank account information."

Similarly, in *Online Payment Solutions Inc. v. Svenska Handelsbanken AB*, 638 F.Supp.2d 375, 383, fn 4 (S.D.N.Y. 2009), the court recognized that documents containing financial information of non-parties should be filed under seal.  The *Online Payment* court cited Fed. R. Civ. P. 5.2's requirement that financial account numbers be redacted.  Here, because it is critical that the Court compare the contents of Exhibit A with the contents of Exhibit B, BNY Mellon cannot simply file a redacted version of the documents.

## II. DOCUMENTS MARKED AS CONFIDENTIAL BY PLAINTIFFS SHOULD BE FILED UNDER SEAL OR ALTERNATIVELY, BNY MELLON SHOULD BE PERMITTED TO FILE THEM AS EXHIBITS TO THE OPPOSITION

Additionally, BNY Mellon seeks relief from the Confidentiality Order to permit it to file certain documents produced by the Plaintiffs in this action as exhibits to its opposition to Plaintiffs'

motion. Paragraph 11 of the Confidentiality Order provides that if documents marked confidential are to be included in a court filing, the filing should be made under seal.

Documents produced by Plaintiffs in this action were designated confidential. BNY Mellon seeks to have the Court either approve the filing of the documents produced by Plaintiffs under seal or relieve BNY Mellon of the Confidentiality Order with respect to the filing of these documents. As the Second Circuit recognized in *Lugosch*, 435 F.3d at 120, a party may seek relief from a confidentiality order to file documents produced by its adversary without filing them under seal. Indeed, Paragraph 20 of the Confidentiality Order provides that "this Confidentiality Order shall not prevent any of the parties from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Confidentiality Order."

## CONCLUSION

Accordingly, for the reasons set forth herein and in the Cesare Affidavit, BNY Mellon respectfully requests that this Court grant the Application.

Dated:   New York, New York
         May 7, 2010

>   **BRYAN CAVE LLP**
>
>   By: /s/ Christine B. Cesare
>       Christine B. Cesare (CC 1967)
>       Scott H. Kaiser (SK 6218)
>   1290 Avenue of the Americas
>   New York, NY 10104
>   Telephone: (212) 541-2000
>   Facsimile: (212) 541-4630
>   cbcesare@bryancave.com
>   scott.kaiser@bryancave.com
>
>   ***Attorneys for Defendant The Bank of New York Mellon***